**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| STACY ALEXANDER, KATHIE ) | |
| MILLER and KIM ROGERS, ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
|   **v.** ) | **CAUSE N0. 07-CV-634-WDS** |
| ) | |
| CASINO QUEEN HOTEL AND ) | |
| CASINO, ) | |
| ) | |
|     **Defendant.** ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for reconsideration and motion for extension of time (Doc. 23), to which defendants have not filed a response. On May 28, 2008, Magistrate Judge Philip M. Frazier entered, *sua sponte,* a Report and Recommendation that this Court dismiss plaintiff's case with prejudice for want of prosecution (Doc. 20).[1] On June 20, 2008, this Court adopted Judge Frazier's Report and Recommendation and dismissed plaintiff's case with prejudice for want of prosecution (Doc. 21). Plaintiffs now seek reconsideration of this Court's Order dismissing their case (Doc. 23) on the grounds that their attorney "grossly misrepresented" them.[2] In addition, plaintiffs seek an extension of time for a period of thirty (30) days to find new counsel.

---

[1] Judge Frazier's recommendation followed a series of missteps by plaintiffs and their counsel. In October of 2007, this Court entered an Order directing plaintiffs to show cause as to why their case should not be dismissed for want of prosecution (Doc. 3). In February of 2008, the Court notified plaintiffs that their continued failure to serve defendant would result in dismissal (Doc. 7). Plaintiffs' failure to participate in a discovery conference scheduled for May 20, 2008 earned plaintiffs yet another Order directing them to show cause as to why their case should not be dismissed for lack of prosecution (Doc. 19). Plaintiffs failed to respond to the May 20, show cause Order.

[2] Plaintiffs explain that they attempted to contacted their attorney without success "long before" the May 20, 2008 discovery conference. Plaintiff state that they still have been unable to contact their attorney, after placing calls and writing letters (including certified mail) to him. They have since terminated his services.

Under Rule 60(b) of the Federal Rules of Civil Procedure, this Court may relieve plaintiffs from the final judgment in this case for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. Pro. 60(b)(1). Rule 60(b)(1) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000). Attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences on the litigant and regardless of the attorney's degree of culpability. *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004). Whether attorney neglect is excusable is an equitable determination, which requires taking account of all relevant circumstances surrounding the omission, including the danger of prejudice to the parties, the length of the delay and its potential impact on judicial proceedings, the reason for the dely, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *See Pioneer Inv. Serv. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

Plaintiffs offer no explanation as to why their attorney failed altogether either to participate in the May 20, 2008 discovery conference or to file a response to the Court's May 21 Show Cause Order.[3] Without some explanation for these failures, which followed repeated failures throughout the course of this litigation, *see fn.1*, the Court cannot excuse plaintiffs' attorney's inattentiveness. Upon review of the record, the Court **DENIES** plaintiff's motion for reconsideration (Doc. 23). The Court **FURTHER DENIES** plaintiff's motion for extension of

---

[3] Attorney for the plaintiffs indicated in his response (Doc. 5) to this Court's first Show Cause Order (Doc. 4) that, because he was out of the office with a hernia, he did not discover his failure to understand the local rules regarding electronic filing. Beyond this explanation for his first failure to comply with procedural rules, plaintiffs' attorney has not offered any reasons why his most recent inattentiveness is the result of matters beyond his control.

time (Doc. 23) to seek new counsel as moot.[4]

**IT IS SO ORDERED.**

**DATED:  July 7, 2008.**


**s/  WILLIAM D.  STIEHL**
**DISTRICT JUDGE**

---

[4] The Court notes that the proper remedy in this case may be a malpractice action, if one is a available, against plaintiffs' former attorney. *See Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003) ("[i]f a party's lawyer is guilty of professional malpractice . . ., the party has a remedy against him, but it should not be permitted to shift the burden of its agent's neglect to the district court and the defendants").